NEW ORLEANS and CARROLLTON RAILROAD COMPANY *v.* MU-
NICIPALITY NUMBER ONE.

In authorizing the Mayor and City Council to sell property on perpetual ground rent, the
Legislature established a legal destination of the rents, as a portion of the permanent
revenue of the city, to enable the municipal authority to exercise its power of police
and government. These rents, therefore, cannot be sold under an execution against the
municipality.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Benja-
min* and *Micou*, for plaintiffs. *Robert Preaux*, for defendants. By the
court :

EUSTIS, C. J. This appeal is taken by the First Municipality, from a judgment
of the court of the Second District of New Orleans, by which an injunction
obtained by the municipality was dissolved, with three hundred dollars damages,
for the wrongful suing out of said writ.

The plaintiffs being judgment creditors of the municipality for a large amount,
seized certain ground rents due by various persons under execution, the muni-
cipality enjoined the sale, and the question is thus raised, whether these ground
rents are liable to be seized and sold under the plaintiffs' execution.

The argument at bar has been directed to two points : first, whether the
ground rents can be seized ; and, secondly, whether, if subject to seizure, they
can be sold, or must be collected by the sheriff as they fall due, and applied to
the payment of the plaintiffs' judgment.

It is contended, that the ground rents are on the same footing with any other
property of the municipality, and, as such, liable to seizure for its debts, and that
they are not within the exemption established in Egerton's case. The land on
which the ground rents are established, formed originally a part of the commons
of the city. They were sold under the authority of an act of the Legislature of
the 17th of February, 1821, which provided, that the Mayor and City Council
(three-fourths of said body assenting thereto) might sell, on perpetual ground
rent, such part of the landed property as they should think fit, with express
stipulation, that the purchaser should never thereafter have liberty to redeem
said ground rent by paying the capital thereof.

The original charter of New Orleans, contemplated the existence and main-
tenance of certain permanent sources of revenue, which were to provide for the
expenses of the government, and authorized taxation on real and personal
property, to raise such sums as might be necessary to supply a deficiency in
said revenues. Act of 1805 § 6 *et seq.* It is in that sense, and in conformity with
the original law, that the statute of 1821, under which the sale of the land was
made, must be interpreted. By this act, we conceive, a legal destination or appro-
priation of these ground rents was established as a portion of the permanent reve-
nues of the city, to enable the municipal authority to exercise its powers of police
and government.

We do not think the present case distinguishable in principle from that of
the *Mayor et al.* v. *Roosevelt*, recently decided, 7th Ann. *Egerton* v.
*Municipality No.* 3, 1st Ann. 435. *Police Jury of West Baton Rouge* v.
*Michel*, 4th Ann. 84. *Hart* v. *Municipality No.* 3, 6th Ann. 571.

We think the court erred in dissolving the injunction against the sale of the ground rents seized under the plaintiffs' execution.

It is therefore decreed, that the judgment of the district court be reversed, and the injunction granted be maintained and made perpetual; the plaintiffs paying costs in both courts.