LA BELLE CREOLE (WARDER v.). See Case No. 17,165.

LABER (COOPER v.). See Case No. 3,198.

LABITUT (BANK v.). See Case No. 842.

---

## Case No. 7,962.

### LABITUT v. PREWETT.

[1 Woods, 144.] [1]

Circuit Court. D. Louisiana. Nov. Term. 1871.

EXECUTORS — BILL TO PROTECT ESTATE — POSSESSION AS EXECUTOR—EXECUTOR RESIDUARY LEGATEE—LEVY FOR DEBT OF EXECUTOR—REMEDIES BY LEGATEES.

1. An executor may bring a bill to protect the property of the estate, of which he is executor, from sale on execution issued on a judgment against himself personally, without joining the legatees or other persons entitled to the estate after payment of the debts.

2. Under the Code of Louisiana a particular legacy is to be discharged in preference to all others out of the funds of the succession; and in default of funds, it is to be paid as long as the estate is administered by executors, indifferently out of the personal and real estate. It becomes a charge upon the whole estate and descends to the heir as a personal debt when he takes possession.

3. When a person takes possession of the property of a succession as executor, and not as

---

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

heir or universal legatee, the property is first subject to the payment of the debts and legacies of the succession.

4. A creditor of a succession who permits the heir to take unconditional control of an estate, without causing it to be administered, loses the right to pursue the property of the succession as distinct from that of the heir.

5. The remedies of legatees by a personal action against the heir, or by separation of patrimony, have no application when the heir as heir is not in possession of the estate.

6. The possession of an executor as executor under the appointment of the probate court, even when the executor is also heir or universal legatee, relieves the creditors and legatees of the succession from the necessity of resorting to such proceedings to protect their rights.

7. In order to vest the property of a succession in a universal legatee, so as to make him the debtor of the legatees and creditors of the succession, there must be some deliberate act on his part showing a purpose to take possession as universal legatee.

This was a bill in equity. The case was heard upon demurrer to the bill for want of equity, and upon a motion to continue a preliminary injunction.

J. Ad. Rosier, for complainant.

Edw. Phillips, for defendant.

WOODS, Circuit Judge. The averments of the bill are, that Zenon Porche, of Pointe Coupee parish, Louisiana, was in his lifetime seized, as of an estate in fee simple, of a certain plantation situate in said parish. That having departed this life, his will was, on the 21st of August, 1861, duly probated in the probate court of said parish, whereby he bequeathed a large number of legacies to legatees therein named, amounting in the aggregate to $100,000, and constituted and nominated Evariste Bara his universal legatee and testamentary executor. That said Bara accepted said trust, and was duly confirmed and qualified as such executor, and entered upon the discharge of his duties, took possession of said plantation and the farming implements and utensils of husbandry, but before he could pay the sums of money devised by the will of Porche, he also, to wit, in 1863, departed this life. That said Bara left a will, which was duly probated on the 15th day of June, 1863, in the court having probate jurisdiction in said parish of Pointe Coupee. By his said will, Bara appointed the complainant, Jules Labitut, his universal legatee and testamentary executor. In said will the said universal legacy was specially devised to the said Labitut, with the charge and on the condition that he should pay and execute all the legacies bequeathed by the will of said Porche. That said Labitut was duly appointed and confirmed as testamentary executor of the will of said Porche, and also of the will of said Bara, and was duly qualified, and letters testamentary on both of said wills were delivered to him. That said legacies have not been paid or discharged, and in this respect said wills have not been executed, and said Labitut still remains such executor. That neither Porche nor

Bara ever married, and neither of them left lawful descendants or ascendants. That on the 29th day of November, 1861, the defendant Prewett recovered on the law side of this court a judgment against Labitut, in his individual capacity, for $1,701 and interest, and the said defendant, the Northern Bank of Kentucky, on the first day of January, 1862, recovered a judgment against said Labitut, also in his individual capacity, for $6,253.50, with interest; that the causes of action on which said judgments were founded were individual and entirely disconnected from both said estates. That writs of fieri facias were issued on said judgments on the 21st day of January, 1869, and were levied by the United States marshal on said plantation and its appurtenances, the property of said estates. That the successions of Porche and Bara have never been fully administered, but are still in the course of administration by said Labitut as executor, and are still subject to the orders of the probate court. That said Labitut has never been put in possession of said successions or either of them in the capacity of universal legatee, but was in possession of said property at the time of its seizure solely in his representative capacity as executor, holding the same under the orders of said probate court for the purpose of executing the will. That Labitut is heavily in debt and unable, out of his own means, to discharge said legacies, and the only mode by which said legatees can ever expect to be paid their legacies is out of the property seized by the marshal as aforesaid. That the United States marshal had given notice that by virtue of pluries writs of fieri facias issued in said judgments, he would proceed to sell said plantation with the stock and appurtenances thereof. The bill is filed by Jules Labitut, the said executor, and by a part of the legatees mentioned in the will of Zenon Porche, whose legacies amount in the aggregate to $56,000. The other legatees are not parties. The bill prays for an injunction restraining the marshal from proceeding to sell said property, and for other special and general relief. In July last a preliminary injunction was granted. The cause now comes on for hearing upon a motion to continue the preliminary injunction and upon a demurrer to the bill of complaint.

The ground of demurrer is that the bill does not state such a case as entitles the complainant to the relief prayed. In the argument, it is alleged as a fatal defect of the bill, that a part only of the legatees named in the will of Porche, and not all, are made parties complainant. It is said that were there to be a decree in favor of the defendants, the other legatees who are not parties could file another bill and take out another injunction, and so keep up an endless litigation. There would be much force in this objection were it not for the fact that the testamentary executor is a party complainant, and he may well be said to represent the interest of all the legatees. In all cases of bills by creditors

and legatees against the executor or administrator, the persons entitled to the personal assets of a deceased debtor or testator after payment of the debts or legacies, are not deemed necessary parties, though interested, to contest the demands of creditors and legatees. Dandridge v. Washington, 2 Pet. [27 U. S.] 377. Courts of equity do not require that all persons having an interest in the subject matter should under all circumstances be before the court as parties. On the contrary, there are cases in which certain parties before the court are entitled to be deemed the full representatives of all other persons, at least so far as to bind their interests under the decree, although they are not or cannot be made parties. Story, Eq. Pl. § 142; Calv. Parties, p. 20, c. 1, § 2; Van Vechten v. Terry, 2 Johns. Ch. 197. It may be laid down as a general rule, that where any persons are made trustees for the payment of debts and legacies, they may sustain a suit either as plaintiffs or as defendants, without bringing before the court the creditors or legatees for whom they are trustees. Story, Eq. Pl. § 150.

On these authorities we reach the conclusion that while the legatees under the will of Porche may be proper, they are not necessary parties to this bill; that they are fully represented by the testamentary testator; and whether parties or not, would be bound by the decree in the case. The objection that the bill is defective for want of necessary parties is therefore untenable.

In reply to the objection that the statements of the bill are too vague and uncertain, it is sufficient to say that if all the facts averred are true, they make out a case, if the law as claimed by the complainants is found for them. We must give a reasonable construction to the averments of the bill. When it is alleged that said legacies have not been paid or discharged, that is a sufficient averment that the entire legacies, or a substantial portion of them, remain unpaid, especially when considered in connection with the averment that Labitut is heavily in debt and unable to pay said legacies out of his own means, and that the only means out of which said legacies can be paid is the property seized by the marshal.

The main ground on which defendants rest the demurrer and resist the motion for injunction is this: That by virtue of the said wills and the subsequent proceedings of Labitut, the property of the succession of Porche has become his individual property, and the legatees his individual creditors, and that they have no higher or better right to the proceeds of that property than any other creditor of Labitut. On this hearing we must take the averments of the bill to be true. They are sworn to and are not put in issue either by answer or affidavit. One of these averments is that Labitut was never in possession of said succession as universal legatee, but in his representative

capacity as executor, holding under the order of the probate court. This we must take to be true. unless the other facts stated in the bill and the wills of Porche and Bara, which are made exhibits, show that such is not in fact the tenure by which Labitut holds, but that in fact he holds as universal legatee, whereby the property becomes liable for his individual debts, before the payment of the legacies. At common law the testator's effects could not be taken in execution for the executor's debts. McLeod v. Drummond, 17 Ves. 168; Farr v. Newman, 4 Durn. & E. [4 Term R.] 624. So under the Code of Louisiana, the general principle is laid down that a particular legacy is to be discharged in preference to all others, out of the funds of the succession, and in default of funds, it is to be paid, as long as the estate is administered by executors, indifferently out of the personal and real estate, and becomes a charge on the whole estate, and descends to the heir as a personal debt when he takes possession. Duke of Richmond v. Milne's Ex'r, 17 La. 312. The question, therefore, recurs: Was the possession of Labitut a possession as universal legatee or as executor; did he take the property as legatee and become the debtor of the legatees named in the will of Porche, or did he take as executor and trustee, holding the estate to be administered for the benefit of the legatees?

The case of Bird v. Jones, 5 La. Ann. 643, is relied upon by complainants as decisive of this case. The case was this: Mrs. Jones died. leaving a will in which she declared, (1) I desire that all my just debts be paid, and if anything is left, I desire it to be disposed of as follows: (2) I give and bequeath to Burwell Henderson Jones, all the property which, by law, I have a right to dispose of, and make him my universal legatee. (3) I appoint Burwell Henderson Jones my executor, and dispense him from giving security therefor, and give him seizure of my estate, and request him to see that the intentions herein expressed be carried out. On December 14, 1869, a judgment was rendered in a court having probate jurisdiction, sustaining the will, ordering its execution, and appointing Jones executor. In February, 1849, one Grimes obtained a judgment against Jones and recorded it. On December 31, 1849, he caused a fieri facias to be levied on certain lands and slaves of the estate of the said testatrix, Eliza Jones. On the eve of the sale various creditors of her estate presented their petitions opposing the seizure and sale, on the ground that the property seized was the property of the succession, and not of Jones, the judgment debtor. In his answer as testamentary executor, Jones admits his appointment, that he had made an inventory and taken possession as executor, and that he holds the property as such with the intention of paying the debts of the succession, and well

knowing that only the residue after such payment belonged to him. It seems that on the 18th of December, 1849, Jones, in his individual capacity, had entered into a contract with the forced heirs of Mrs. Jones, her father and mother, by which he conveyed to them a number of slaves belonging to the estate in.satisfaction of their share, and they conveyed to him the residue of the estate. In support of the right of the creditors of Jones to enforce their execution on the property of the succession, it was argued that by the contract between Jones and the forced heirs, there was an acceptance by him as universal legatee; that from the date of the acceptance the property in controversy became his, and must by legal fiction be considered as having vested in him upon the death of the testatrix, and therefore became subject to Grimes' judicial mortgage and liable to seizure by the legatee's creditors. That only three months were allowed to the creditors of the testatrix. from the opening of the succession or the acceptance by the heirs, to petition for a separation of patrimony, to record their claims and preserve their privilege. That by allowing that period to elapse they had consented to accept the forced heirs and the universal legatee as their debtors. The court, in reply to these arguments, says: "These propositions would be difficult to answer if Jones had in fact taken possession of the estate as legatee more than three months before the creditors of the succession acted. But it was in the capacity of executor that Jones obtained possession of the property belonging to the succession. By accepting that office he was clothed with a fiduciary capacity, and became the trustee of all persons interested in the succession according to the instructions of the will which he undertook to execute. In assuming the execution of the will. he undertook the trust of first paying all the debts of the succession. It was only the residuum after that payment, and subject to the rights of the forced heirs, which were bequeathed to Jones." "The right of the creditors of a succession to be paid out of its assets in preference to the creditors of the heir rests upon a clear principle of natural justice. In the hands of ·the deceased her property was liable for her debts; upon her death it should pass to the heir with the same ·burdens. The creditors of the heir ought not to have a greater right in it than the heir himself." And so the court concludes: "There is no equity in the attempt of Jones' creditors to divert the property of Mrs. Jones to the payment of his debts at the expense of her creditors, nor does the law in our opinion, when reasonably interpreted, sanction such an injustice."

It is difficult to distinguish this case from the case now on. hearing. The attempt is made, however, but it is based on the assumption that Labitut took possession of

the estate as universal legatee, and not as executor. This assumption is not borne out by the record. Labitut alleges that he did not hold possession of the estate as universal legatee, but that his possession was solely that of executor, holding the property under the order of the probate court, for the purpose of executing the will. There is no circumstance disclosed by the record showing a different state of fact, or from which a different tenure of the property can be inferred. The doctrine is not disputed that a creditor who permits the heir to take unconditional control of the estate without causing it to be administered, loses the right to pursue the property of the succession as distinct from that of the heir. But these legatees who stand in no worse plight than creditors would, had there been any, have not been guilty of such negligence. If the bill be true, Labitut has not taken these estates as universal legatee, without administration. On the contrary he holds by virtue of his administration, by virtue of his appointment and confirmation by the probate court, to which he has given bond and to which he is responsible. The remedies of legatees by a personal action against the heir, or by separation of patrimony, can surely have no application, when the heir as heir is not in possession of the estate. The possession of the executor as executor under the appointment of the probate court, even when the executor is also heir or universal legatee, must relieve the creditors and legatees of the necessity of resorting to these proceedings to protect their rights. They do not seem to be at all applicable to such a case. In Bird v. Jones, supra, the court says: "The very term separation of patrimony supposes the case of possession taken by the heir. Its object, in the language of the Code, is to prevent property out of which a particular class of creditors have a right to be paid from being confounded with other property, and by that means made liable to another class of creditors. But how can this confusion take place when the property of the succession is not in possession of the heir, but of a trustee representing the creditors?" In order to vest the succession in a universal legatee, so as to make him the debtor of the legatees and creditors of the succession, there must be some deliberate act on his part showing a purpose to take possession as legatee. "Nobody can be compelled to accept a succession in whatever manner it may have fallen to his share." Code 1808, p. 160, art. 71. And where a testamentary executor takes possession as such under the appointment, and by the authority of the probate court, the fact that he is also universal legatee does not change the character of his possession. When one who is executor and universal legatee under a will takes possession of the estate as executor, he will not be regarded as having possession in his capacity of legatee; nor can he, without judicial authority, change the nature of his possession. Bird v. Jones, 5 La. Ann. 643.

Under the averments of the bill I am constrained by these authorities to decide that Labitut holds possession of the successions of Porche and Bara as trustee, and not in his individual right; that he is bound to administer the successions so as to execute the provisions of the wills of the testators; that this trust property cannot be taken from his hands and diverted by his creditors from the objects of the bounty of the testators to the payment of the individual debts of the trustee.

[For the case involving certain interventions of third parties in the original suits of the Bank of Kentucky and of Prewett against Labitut, see Case No. 842.]