## KLEIN *v.* NEW ORLEANS.

Lands held by a city for public purposes, or ground rents arising therefrom and forming a part of its public revenues, are not subject to seizure and sale on execution.

ERROR to the Circuit Court of the United States for the District of Louisiana.

John Klein, having recovered a judgment for $89,000 against the city of New Orleans in the Circuit Court of the United States for the District of Louisiana, caused an execution to issue thereon. The marshal thereupon seized certain real estate belonging to the city, consisting of "two squares of ground which had formerly constituted the easterly bank of the Mississippi River, but which, by the gradual accretion of said easterly bank, had ceased to constitute the bank of the river, but which were now used by the public for wharf and levee purposes, said squares forming a portion of the land known as the ' Batture property,' " together with certain annual ground rents therefrom arising and belonging to the city.

On motion of the city, a rule on the plaintiff to show cause why the seizure should not be dissolved and set aside was issued.

At the hearing, the court being of " opinion the said squares were public property which the city could not alienate without the permission of the General Assembly of the State of Louisiana, and that the said ground rents formed a portion of the public revenues of the said city," and were, therefore, not subject to Klein's execution, made the rule to dissolve the seizure absolute, and ordered the marshal to release the property.

Klein thereupon brought the case here

*Mr. J. Q. A. Fellows* for the plaintiff in error.

*Mr. B. F. Jonas, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We must take the facts of this case as they are stated in the bill of exceptions, and cannot look into the evidence. The questions to be settled are: 1. Whether the lands levied on are subject to seizure and sale under execution against the city; and, 2. Whether the ground rents are liable in the same way.

This depends on the facts. If the lands are held by the corporation for public purposes, and the ground rents are part of the public revenues, it is well settled that they cannot be levied on or sold. Dillon, Mun. Corp., sects. 64, 446. Municipal corporations are the local agencies of the government creating them, and their powers are such as belong to sovereignty. Property and revenue necessary for the exercise of these powers become part of the machinery of government, and to permit a creditor to seize and sell them to collect his debt would be to permit him in some degree to destroy the government itself.

The bill of exceptions shows that the lands consisted of " two squares of ground which had formerly constituted the easterly bank of the Mississippi River, but which, by the gradual accretion of said easterly bank, had ceased to constitute the bank of the river, but which were now used by the public for wharf and levee purposes, said squares forming a portion of the land known as the ' Batture property.' " From this it must be

inferred that they were held for the use of the public. In a city where business is carried on by water, a public wharf is as much a public necessity as a public street or highway. If the land in this case had still continued to be the bank of the river, and used and improved as a public landing, it certainly could not have been subject to sale on execution against the city; but we think a simple extension of its surface does not change its character. If it continues to be used as it was before, it is still public wharf or levee property. It matters not that charges may have been made by the city for wharfage. That would be nothing more than a proper governmental regulation. A street extending to navigable waters and used for wharf purposes does not cease to be public property because a charge is made for its use in that way. The test in such cases is as to the necessity of the property for the due exercise of the functions of the municipality. Upon the facts as stated by the court below, we think the lands levied upon were not subject to seizure and sale.

As to the ground rents, it was decided by the Supreme Court of Louisiana, in *New Orleans & Carrollton Railroad Co.* v. *Municipality No.* 1 (7 La. Ann. 148), that "in authorizing the mayor and city council (of New Orleans) to sell property on perpetual ground rent, the legislature established a legal destination of the rents, as a portion of the public revenue of the city, to enable the municipal authority to exercise its powers of police and government. These rents, therefore, cannot be sold under execution against the municipality." There is nothing in the bill of exceptions to show that the rents levied upon in this case were in any respect different from those under consideration in that. We must presume, therefore, that they are the same.

*Judgment affirmed.*