On Application bor Rehisarinu.
Bermudez, C. J.
The complaint that, relating to the item of $7,870.50, the dates are incorrect, of tho distribution of the shares, is well founded. It was an inadvertence. The dates should have been 1863 and 1864. This mistake does not, however, justify the demand urged in the first ground for relief.
Tlie record shows that the shares accruing to Isaac D. Brown went into the possession of John M. Brown, who was his tutor.
It is true, that we said that those shares were invested. This investment is denied. We should have confined ourselves to the statement that they had been received by John M. Brown.
The vouchers given by him do not show explicitly that he signed, as tutor, but establish that he received them. This could only be as tutor, for he could not receive them for the minor otherwise. Whether, after being so received, they were or not invested by him, under the directions of the will, is immaterial in these proceedings. His failure, to have done so might have affixed upon him a responsibility wliich cannot be fastened upon the heirs in the partition of the succession residue.
The proposition, that when the same person is at the same time administrator and tutor of some of the heirs, his possession of the estate is that of an administrator, is correct and supported by authority. 30 A. 745." Such is also the case when the executor is also the universal legatee, 33 A. 594; 1 Woods, 144 ; but this is true only as long as a distribution, or some significant or characteristic act, indicative of a termination of the possession as administrator has not occurred.
The receipt of the shares for the benefit of a minor, by one who is his tutor, is of that description, and operates a divestiture of his tenure ■or possession, as administrator, at the same time that it concludes the minor.
On the second ground for relief, we are satisfied that legal interest should have been allowed to Isaac D. Brown on his legacy, from his majority, as alleged in the petition filed on the 5th of October, 1870, *461 which is the day on which the executor judicially admitted the eligibility of the bequest, and the running of interest upon it. This admission implies a previous demand for payment, which the law will presume in a case like this. Equity, besides, entitles Isaac D. Brown to that allowance. Interest was allowed to his sister, Mrs. Feltus. There is no reason why lie should not also receive it.
It is ordered, that our previous decree be amended by inserting at the end thereof, the following special decree:
“ It is further ordered and decreed, that the judgment appealed from be amended by allowing to Isaac D. Brown, five per cent, interest per annum, on fifty thousand dollars, from the date of his majority, October 18th, 1869, to the time of his purchase of the Manchac Plantation, viz : the 2d of July, 1872, when he retained, out of the price of sale, the amount of his said legacy ; the sum thus accruing to him to decrease by as much the amount to be collated by him.
“ It is further ordered, that thus further amended, the judgment-appealed from be affirmed with costs.”
It is further ordered, that our previous judgment thus itself reformed, remain undisturbed.