## UNITED STATES v. JARDINE.

### THE CACOETHES.

### No. 7919.

Circuit Court of Appeals, Fifth Circuit.

Dec. 26, 1935.

J. Frank Staley, Atty., Department of Justice, of Washington, D. C., John W. Holland, U. S. Atty., of Jacksonville, Fla., and W. Sanders Gramling, Asst. U. S. Atty., of Miami, Fla., for the United States.

Willard M. Harris, of Philadelphia, Pa., and Walter Carroll, of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal concerns the libel of the gas screw Cacoethes, a public vessel of the United States. It is from a decree establishing a maritime lien for $2,391.38 and condemning the vessel for its payment. When seized under the writ of attachment, the Cacoethes was in the actual physical possession of the United States, being employed as a coast guard vessel in the customs service.

The libel alleged that while the vessel was in the port of Atlantic City, N. J., under libel proceedings in a cause of forfeiture brought by the United States in the District Court of the District of New Jersey, libelant had furnished her with labor, repairs, supplies, and material at the owner's request, and that the sum sued for was still due. Further pleading with some fullness the proceedings in the New Jersey District Court and the basis of appellee's lien claim, libellant asserted that the possession and claim of title of the United States was wrongful. He asserted, too, that in any event it held its title and possession in subordination to libelant's lien and subject to its satisfaction.

Appearing specially to contest the jurisdiction of the court to entertain the libel and to seize a public vessel in its possession, the United States moved for the vacation of the attachment and the release of the vessel. These motions were overruled. Subject to them, and reserving all questions of jurisdiction, the United States answered. It denied the charges of the libel that the vessel was subject to the admiralty jurisdiction of the United States Court for the Southern District of Florida, denied that the vessel had been wrongfully awarded to the United States in the New Jersey court, and denied that libelant had any equitable claim. It pleaded the decree of the New Jersey court dismissing libelant's petition of intervention as res adjudicata of his claim.

The District Judge, ruling out all defenses, found for libelant. While appellant presents alternatively all of the defenses urged below, it urges the jurisdictional question as determinative of this appeal.

We agree. "The personality of a public vessel is merged in that of the sovereign. The Fidelity, 16 Blatchf. 569, 573, Fed.Cas. No. 4,758; Ex parte State of New York, 256 U.S. 503, 41 S.Ct. 592, 65 L.Ed. 1063." The Western Maid, 257 U. S. 419, 433, 42 S.Ct. 159, 161, 66 L.Ed. 299. It is a principle of force in admiralty law as well as common law, in fact, one of universal application, that public property in governmental possession is exempt from forced seizure. The Fidelity, supra; Long v. Tampico (D.C.) 16 F. 491, 494; The Davis, 10 Wall. 15, 21, 19 L.Ed. 875; The Siren, 7 Wall. 152, 19 L.Ed. 129; Workman v. New York, 179 U.S. 552, 565, 21 S.Ct. 212, 45 L.Ed. 314; Ex parte State of New York, 256 U.S. 503, 511, 41 S.Ct. 592, 65 L.Ed. 1063; Klein v. New Orleans, 99 U.S. 149, 150, 25 L.Ed. 430.

Appellee does not dispute the general principle. He seems to think that it is, or may be, put in question where the title of the sovereign is clouded by dispute. He seems to think that where, as here, there is a controversy over whether the possession of the government is rightful, the court may seize the thing to try the title out.

No such exception is or can be made. The possession of a public vessel by the government asserted under a claim of right and its unwillingness to submit the vessel to seizure are the controlling considerations on the question of admiralty jurisdiction. The Siren, supra. An admiralty court whose jurisdiction is dependent in an in rem proceeding on seizure may not take a public vessel from the possession of the government in order to try out the claim of title to which that possession is referable.

Immunity from seizure of public vessels in the government's possession is not dependent upon circumstances. It is not relative or variable. It is absolute and uniform. The authorities against the jurisdiction asserted here are many. They speak with one voice. None can be found to sustain it.

The decree is reversed, and the libel is dismissed.