### THE MANUEL ARNUS et al.

### COMPANIA TRANSATLANTICA, ADMINISTRADA POR EL ESTADO v. UNITED STATES.

#### No. 1785.

District Court, S. D. Texas, Galveston Division.

April 15, 1943.

Hunt, Hill & Betts, of New York City, and Lockhart, Hughes & Lockhart, of Galveston, Tex., for libellant.

Kayser, Liddell, Benbow & Austin, of Houston, Tex., (Jas. L. Abney, of Houston, Tex., of counsel), for respondent Todd Galveston Dry Docks, Inc.

Francis M. Shea, Asst. Atty. Gen., and Douglas W. McGregor, U. S. Atty., of Houston, Tex., and Harold B. Finn, Department of Justice, of Washington, D. C., for the United States.

KENNERLY, District Judge.

*Statement of the Case.*

This is a proceeding in Admiralty and a Libel filed March 11, 1943, by the Compania Trasatlantica, Administrada Por El Estado, administered by the Spanish State (for brevity called Libellant), against the Steamer or Steamship "Manuel Arnus" and the Todd Galveston Dry Docks, Inc., of Galveston, in this District and Division (for brevity called Respondents), in which Libellant seeks to recover possession of such Steamship from Respondents. The Government of the United States of America, appearing specially, has filed her petition, claming title to and possession of the Steamship, and prays that the Libel be dismissed and the Steamship released. Libellant answers and combats the Government's petition. This is a hearing of the Government's petition by agreement on Exhibits attached thereto and Exhibits attached to Libellant's answer thereto.

Such Pleadings and Exhibits set forth the respective claims of title of Libellant and the Government. Libellant attacks the proceedings (Declaration of Abandonment, etc.) under which the Government claims that the Republic of Mexico acquired title to the Steamship, and says that neither the United States of America nor the Republic of Mexico has title thereto. The Government claims that this Court is without jurisdiction and may not inquire into the Declaration of Abandonment and other proceedings under which it is claimed that the Republic of Mexico acquire title.

*Findings of Fact.*

(a) The Pleadings and the Exhibits attached thereto show the respective Titles

of Libellant and of the Republic of Mexico. As early as on or about September 24, 1942, the United States of America began negotiations with the Republic of Mexico for the purchase of the Steamship, then in the Port of Vera Cruz, Mexico. Pursuant to such negotiations, the Steamship was brought to the docks of the Todd Galveston Dry Docks, Inc., at Galveston, Texas, in this jurisdiction. March 3, 1943, the Steamship was purchased by the United States of America from the Republic of Mexico, and bill of sale executed, transferring title to the United States as of date September 24, 1942.

### Conclusions of Law.

1. It is perfectly plain, in fact undisputed, that on March 3, 1943, the United States of America purchased this Steamship from the Government of Mexico, and at the time of the filing of this Libel, March 11, 1943, was in possession thereof and claiming title thereto. The vessel was at that time at the docks of the Todd Galveston Dry Docks, Inc., at Galveston. Under these circumstances, such vessel is not amenable to process of this Court. United States v. Jardine, 5 Cir., 81 F.2d 745, 746; The Western Maid, 257 U. S. 419, 42 S.Ct. 159, 66 L.Ed. 299; 46 U.S.C.A. § 741 et seq.

2. If the facts are as set forth by Libellant, this Court may not inquire into and determine the validity of the proceedings under which it is claimed by the United States of America that the Republic of Mexico acquired title to the Steamship. Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456; Oetjen v. Central Leather Co., 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726; Ricaud et al. v. American Metal Co., 246 U.S. 304, 38 S.Ct. 312, 62 L.Ed. 733; United States v. Belmont, 301 U.S. 324, 57 S.Ct. 758, 81 L.Ed. 1134; Hewitt v. Speyer, 2 Cir., 250 F. 367; American Banana Co. v. United Fruit Co., 213 U.S. 347, 29 S.Ct. 511, 53 L. Ed. 826, 16 Ann.Cas. 1047; Banco de Espana v. Federal Reserve Bank, 2 Cir., 114 F.2d 438; The Exchange, 7 Cranch. 116, 11 U.S. 116, 3 L.Ed. 287; The Navemar, 303 U.S. 68, 58 S.Ct. 432, 82 L.Ed. 667; Sullivan v. State of Sao Paulo, D. C., 36 F. Supp. 503.

It follows that the Libel must be dismissed, and the Steamship ordered delivered to the United States of America. Let a decree be drawn and presented accordingly.