GARDINER, Judge.
The legal heirs of the late Miss Ellenora V. Quillou brought suit to annul the following residuary legacy in her olographic will:
“I leve unto the New Orleans Libry the residue of my estate provided they *652 place a Memoriam Plaque, In the name of my Brother, Theophile A. Quillou.”
The plaintiffs aver first that the name of the residuary legatee is uncertain; secondly that the disposition in the will is too indefinite, and lastly that if the testatrix intended to give the residue of her estate to the New Orleans Public Library, it lacks capacity under state law to receive the legacy because it is an unincorporated association.
The District Court maintained an exception of nonjoinder of necessary parties, filed by the testamentary executor, in which he averred that the City of New Orleans, as owner and operator of the New Orleans Public Library, should be made a party defendant in order to properly adjudicate the matter.
After all parties answered, the matter was heard upon the above recited issues. The trial judge held the testamentary disposition valid and rendered judgment in favor of defendants, the City of New Orleans and the testamentary executor, and against the plaintiffs dismissing their suit. Plaintiffs have appealed.
Counsel for plaintiffs claims that under the City Charter, the New Orleans Public Library is controlled by the “Library Board,” an unattached board, and it is not an agency which is capable of receiving the legacy. The trial judge declared in his reasons written into the record that the New Orleans Public Library is owned by the City of New Orleans; it is an integral part of the City, and its Board is appointed by the Mayor. He concluded that the Library Board, whether attached or unattached, under the City Charter is an agency of the City and is a part of the municipal corporation, capable of receiving donations. We ourselves said, in Robbins v. New Orleans Public Library, La.App., 208 So.2d 25, that the Library is a governmental institution administered by the City of New Orleans and subject to the pertinent state laws.
There is no law in our state, and none has been cited by plaintiffs, nor is there any provision of the City Charter, which prohibits an agency of a municipal corporation from receiving a donation mortis causa. Such agencies are treated as corporations. See La.Const. of 1921, Art. 14, § 22; Duke of Richmond v. Milne’s Executors, 17 La. 312; Hiestand v. City of New Orleans, 14 La.Ann. 330; Klein v., City of New Orleans, 99 U.S. 149, 25 L. Ed. 430. Compare Succession of Shepard, La.App., 156 So.2d 287.
It is our opinion, therefore, that the testamentary disposition in question is valid and that the City of New Orleans, acting on behalf of the Library Board, has the capacity to receive the bequest made to the New Orleans Public Library by the testatrix.
Although the testatrix designated the New Orleans Public Library as her residuary legatee, she used a shorter name, “New Orleans Libry.” There is only one library in the City, hence it is clear that it was the intention of the testatrix to make that library her said legatee. Under the express provisions of LSA-C.C. art. 1712 we are authorized to give effect to the intention of the testator when, as it is here, it is legally possible to do so.
It is not necessary to determine in this suit plaintiffs’ contention that the condition in the disposition as to the plaque to be placed in the library in memory of her brother is vague and indefinite in that she did not specify the cost and type of plaque, nor whether the entire legacy is to be expended for the plaque, nor where the plaque should be displayed. The condition is not so vague or indefinite as to affect the validity of the legacy. The wishes of the testatrix must be carried out by the residuary legatee in a reasonable manner.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.